UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR ENCARNACION-LAFONTAINE,

                     Petitioner,

-against-

WARDEN; U.S. ATTORNEY GENERAL
MERRICK GARLAND; U.S. DEPARTMENT
OF JUSTICE; FEDERAL BUREAU OF
PRISONS; RRC COMMUNITY RE-ENTRY
CENTER,

                     Respondents.

1:13-CR-0030-01 (JSR)

1:24-CV-6385 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner Edgar Encarnacion-Lafontaine, who is currently held in immigration detention in the Moshannon Valley Immigration and Customs Enforcement ("ICE") Processing Center, in Philipsburg, Pennsylvania, brings a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in which he seems to challenge his conviction and/or sentence in *United States v. Encarnacion-Lafontaine*, 1:13-CR-0030-01 (JSR) (S.D.N.Y.).[1] He asks the Court for the following relief:

---

[1] Petitioner has paid the filing fee to bring his Section 2241 petition. He alleges that, at the time that he signed his petition, on or about July 22, 2024, he was in the custody of the Federal Bureau of Prisons ("BOP"), in a Residential Reentry Center (also known as a "halfway house"), located in the Bronx, New York. (ECF 1:24-CV-6385, 1, at 1, 12-15.) The Court has learned, however, that on August 15, 2024, he was released from BOP custody. Petitioner filed his Section 2241 petition in this court thereafter, on August 23, 2024. It appears that, subsequent to his release from BOP custody, however, he was taken into immigration-detention custody by ICE.

        A judgment of conviction dated April 8, 2015, and entered the next day, indicates that, following a trial and conviction, the court sentenced Petitioner to an aggregate prison term of 180 months, to be followed by an aggregate supervised-release term of five years. (*Id.*) On February 16, 2016, the United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction. *United States v. Encarnacion-Lafontaine*, 639 F. App'x 710 (2d Cir. 2016) (summary order). Thus, it would appear that, at the time of filing, on August 23, 2024, Petitioner was serving his aggregate term of supervised release.

> (1) issue a writ commanding Respondent[s] . . . to immediately release [him] from the detention and restraint describe[d] in the petition; or [(2)] grant habeas corpus to inquire into the constitutionality of the cause of [his] detention and discharge [him] immediately from the detention described in this petition; and grant any other relief [he] may be entitled to remedy [his] civil rights.

(ECF 1:24-CV-6385, 1, at 14.) Petitioner asserts that he is "challenging the constitutionality of the actual cause of [his] detention by the Respondent[s]." (*Id.* at 3.) For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit as a second or successive matter brought under 28 U.S.C. § 2255.

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001); *see Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A [federal prisoner] seeking to challenge the legality of the *imposition* of a sentence by a [federal] court may . . . make a claim pursuant to Section 2255. A [federal prisoner's] challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241." (citations omitted, emphasis in original)). Petitioner has already challenged the abovementioned conviction by filing a Section 2255 motion, which was denied on the merits as untimely. *See Encarnacion-Lafontaine v. United States*, Nos. 1:13-CR-0030 (JSR), 1:20-CV-1170 (JSR) (SLC), 2023 WL 11873014 (S.D.N.Y. Mar. 6, 2023), *report & recommendation adopted*, (ECF 1:20-CV-1170, 31) (S.D.N.Y. Nov. 20, 2023); *see also Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a . . . [Section 2255 motion] that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes.").

A Section 2255 motion is second or successive when a previous Section 2255 motion challenging the same conviction was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). This includes when the previous Section 2255 motion was denied

as untimely. *See Villanueva*, 346 F.3d at 61. A court may recharacterize a Section 2241 petition as a second or successive Section 2255 motion without providing the petitioner an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion with respect to the abovementioned conviction that was denied on the merits, the Court recharacterizes his Section 2241 petition as a second or successive Section 2255 motion.

Before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate Court of Appeals is required. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he received authorization from the United States Court of Appeals for the Second Circuit to file this second or successive Section 2255 motion. He must therefore request permission to pursue this second or successive Section 2255 motion from that court. Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit, *see* 28 U.S.C. § 1631.

## CONCLUSION

The Court recharacterizes this petition for a writ of *habeas corpus*, ostensibly brought under 28 U.S.C. § 2241, as a second or successive motion to vacate, set aside, or correct a federal sentence, brought under 28 U.S.C. § 2255. In the interest of justice, the Court transfers this second or successive Section 2255 matter to the United States Court of Appeals for the Second Circuit. *See* § 1631; *Liriano*, 95 F.3d at 122-23 (2d Cir. 1996). This order closes this action in this court.

Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 9, 2024
           New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge